UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HABITAT FOR HUMANITY
INTERNATIONAL, INC.,

    Plaintiff,

v.                            Case No.:  2:19-cv-456-FtM-38MRM

ROBERT DERRICK MORRIS,

    Defendant.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaims With Prejudice (Doc. 44) filed on September 6, 2019.  Defendant filed a Response in Opposition (Doc. 52) on October 4, 2019.  For the reasons set forth below, the Motion is granted in part with leave to amend.

## BACKGROUND

Habitat for Humanity International, Inc. (HFHI) sues one of its former employees, Robert Derrick Morris, for fraud and unjust enrichment due to Morris' inappropriate use of HFHI resources which was discovered after Morris' separation pursuant to a severance agreement.  Defendant (a white male) filed a five-count Counterclaim (Doc. 34) for race, color, and gender discrimination under Title VII, race discrimination under 42 U.S.C. §

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

1981, and age discrimination under the Age Discrimination in Employment Act. Plaintiff moves to dismiss all five counts for failure to state a claim and request its attorneys' fees and costs incurred as a result of the Counterclaims because they are frivolous or based on a contractual provision in Defendant's separation agreement. Plaintiff also alleges that Counts I, II, III, and V are barred because Defendant failed to exhaust his administrative remedies with the Equal Employment Opportunity Commission (EEOC).

Although Plaintiff moves to dismiss the Counterclaims, it is helpful to the Court's discussion to recount the factual allegations of the Second Amended Complaint (Doc. 29). Morris is a former employee of HFHI who worked for the company for approximately ten years. (Doc. 29 at ¶¶ 13-15). In April 2013, Morris was promoted to Director of Construction Technology and Safety, working remotely out of his current home in Estero, Florida. (Doc. 29 at ¶ 15). On August 1, 2017, Morris' new supervisor questioned some expenses that Morris had submitted to HFHI for reimbursement, which appeared to be personal in nature, and asked him for additional supporting documentation to show that the expenses were business-related as he had initially claimed. (Doc. 29 at ¶¶ 20-22). Later that same day, Morris informed his supervisor that he no longer wanted to work for HFHI and asked to resign (rather than being fired) so that he would be eligible for a severance package. (Doc. 29 at ¶ 23). HFHI's management granted Morris' request, unaware at that time of the large number of fraudulent expense reports and other improper charges by Morris made during his employment with HFHI, which the company would only discover through a subsequent investigation. (Doc. 29 at ¶¶ 24, 26-30).

Morris executed a "Separation Agreement and Release" on August 7, 2017[2] in connection with his voluntary resignation in exchange for a $14,960 payment. (Doc. 29 at ¶ 24).[3] As consideration for that payment, Morris agreed to the following general release of claims:

> In exchange for the compensation provided to you as described above, **you . . . hereby release and forever discharge HFHI**, all current and former executives, directors and officers, affiliates, national organizations, related entities, partners and with respect to each of them, their predecessors and successors, and with respect to each such entity, all of its past, present, and future employees, officers, directors, owners, representatives, assigns, attorneys, agents, insurers, donors and any other persons acting by, through, under or in concert with any of the persons or entities listed herein, and their successors (the "Released Parties") of and **from any and all charges, complaints, actions, causes of action, suits**, liabilities, obligations, promises, controversies, damages, losses, debts and expenses (including attorneys' fees and costs) **and claims in law or in equity or any nature whatsoever, known or unknown, suspected or unsuspected, you may have, ever had, now have or shall have** against each or any of the Released Parties, to and including the date of execution of this Agreement, **including, but not limited to**, claims for breach of an implied or express employment contract, claims for wrongful discharge, claims for negligent or intentional tort, **claims alleging a violation of Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, as amended, the Age Discrimination in Employment Act of 1967**, as amended, the Americans with Disabilities Act, as amended, **claims pursuant to federal, state or local law regarding discrimination based on including, but not limited to, age, race, sex, religion, national origin, disability, marital status, sexual orientation or preference, or claims for alleged violation of any other local, state, or federal law**, regulations or ordinance or public policy, **having any bearing whatsoever on the terms or conditions of your employment with or by HFHI or the termination of your employment with or by HFHI**.

---

[2] The Separation Agreement and Release is dated August 7, 2017 at the top and was also signed on August 7, 2017. Morris initialed each page. (Doc. 44-1).

[3] A true and correct copy of the Separation Agreement is attached as Exhibit A to the Declaration of Joseph Early, filed with Plaintiff's Motion to Dismiss (Doc. 44-1). The Court may consider the Separation Agreement here at the motion to dismiss stage without converting it into a motion for summary judgment because the Release is central to (and referenced in) Morris' Counterclaims and its authenticity has not been disputed. (Doc. 34 at ¶ 33). See *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

(Doc. 44-1 at ¶ 8) (emphasis added).

The next paragraph of Morris' Separation Agreement also contains the following covenant not to sue, and agreement to pay attorneys' fees and costs in the event of a breach:

> Furthermore, you promise that to the fullest extent permitted by applicable law, you will not sue or initiate any action or other proceeding asserting any such claim or proceeding, individually or as a member of a class . . . . You further agree that if you breach this promise, you shall in addition to all other remedies provided hereunder or otherwise, pay as damages all costs incurred by any party in defending such action or proceeding, including their reasonable attorneys' fees. This promise not to sue and the release in the previous paragraph are binding on your heirs, legal representatives, successors, assigns and personal representatives, and may not be changed orally.

(Doc. 44-1 at ¶ 9).

Morris' employment with HFHI ended effective August 18, 2017. (Doc. 29 at ¶ 24). A subsequent investigation was conducted into his business expenses (Doc. 29 at ¶ 27), and after HFHI uncovered evidence of wrongdoing, it initiated this lawsuit on November 6, 2018, in Georgia state court.[4] The case was removed by Morris to federal court, and then transferred to this Court from the Northern District of Georgia on July 2, 2019. (Doc. 10). The Second Amended Complaint asserts five claims: (1) breach of fiduciary duty; (2) fraud and concealment; (3) unjust enrichment; (4) money had and received; and (5) attorney's fees and costs. (Doc. 29).

## STANDARD

A motion to dismiss a counterclaim under Rule 12(b)(6) "is evaluated in the same manner as a motion to dismiss a complaint." *Whitney Info. Network, Inc. v. Gagnon*, 353

---

[4] The Separation Agreement and Release states that it is governed by Georgia law. (Doc. 44-1 at ¶ 22).

F. Supp. 2d 1208, 1210 (M.D. Fla. 2005) (citation omitted). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal when a plaintiff fails "to state a claim upon which relief can be granted." When considering a motion to dismiss under Rule 12(b)(6), the reviewing court must accept all factual allegations in the counterclaim as true and view them in a light most favorable to the plaintiff. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all pleadings adorned with facts to survive the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. See *Iqbal*, 556 U.S. at 678. Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Id.* at 677.

## DISCUSSION

**A. Release**

Plaintiff argues that Morris' Counterclaims are barred by the valid and enforceable Release contained in the Separation Agreement (Doc. 44-1). In response, Defendant argues that HFHI cannot rely on the terms of the Release to dismiss Morris' counterclaims and also seek to undo the Separation Agreement by demanding that Morris return the money he was paid under the agreement. However, Plaintiff is not asking that the Court revoke or void the terms of the Separation Agreement in this suit and the Court need not do so to find that HFHI is due its money back. Yes, HFHI wants the funds back that it

paid Morris under the terms of the Separation Agreement (along with other funds it paid to Morris), but its equitable claims are not based on the Court finding that the Separation Agreement is void or even breached. And even if the Court would need to find that certain payment terms of the Separation Agreement are void, the Separation Agreement contains a severability clause that ensures that the remainder of the contract is enforceable even if one part of the contract is determined to be invalid. (Doc. 44-1 at ¶ 23).

Although not addressed by the parties, the Eleventh Circuit has noted that to release a cause of action under Title VII, "the employee's consent to the settlement [must be] voluntary and knowing based on a totality of the circumstances." *Myricks v. Fed. Reserve Bank of Atlanta*, 480 F.3d 1036, 1040 (11th Cir. 2007) (quoting *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52 n.15 (1974)). "Our review of the totality of the circumstances surrounding the signing of a release involves several objective factors: the plaintiff's education and business experience; the amount of time the plaintiff considered the agreement before signing it; the clarity of the agreement; the plaintiff's opportunity to consult with an attorney; the employer's encouragement or discouragement of consultation with an attorney; and the consideration given in exchange for the waiver when compared with the benefits to which the employee was already entitled." *Id.*

In this case, although the Court appreciates that the Agreement states that Morris acknowledges that he was given 21 days to consider the Agreement, was provided the opportunity to consult with a lawyer, that he has carefully read and understands it, the record is not yet developed enough for the Court to make a determination as to the circumstances surrounding the signing of the Release. "A genuine issue of fact may exist when an employee has not been given enough time to review the agreement after being

6

terminated, is not educated enough to understand the waiver, or is misled to believe that the release was necessary to prevent the employer from taking an unlawful action." *Myricks*, 480 F.3d at 1040. The facts are not yet developed for the Court to decide whether Morris knowingly and voluntarily released his Counterclaims. Therefore, the Motion to Dismiss on this basis is denied.

### B. Failure to Exhaust Administrative Remedies

On this front, Plaintiff argues that the Court lacks jurisdiction over Counts I, II, III, and V because Defendant failed to exhaust his administrative remedies with the EEOC. However, this term the Supreme Court held that "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of the courts." *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019). Although not jurisdictional, failure to exhaust administrative remedies is a dispositive defense. *Id.* at 1851-52.

"[T]he scope of [a] judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Francois v. Miami Dade Cty.*, 432 F. App'x 819, 821 (11th Cir. 2001) (citation omitted). This means that a plaintiff must allege that he filed a charge with the EEOC and "receive[d] statutory notice from the EEOC of [his] right to sue the [defendant] named in the charge." *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1569-70 (11th Cir. 1996). To be timely in Florida, a charge of unlawful discrimination must be filed with the administrative agency not more than 300 days after the allegedly unlawful employment practice occurred. *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004). Once a plaintiff receives a notice of right-to-sue letter from the

7

EEOC, he has 90 days to file a complaint. See 42 U.S.C. § 2000e-5(f)(1); *Miller v. Georgia*, 223 F. App'x 842, 845 (11th Cir. 2007).

Morris alleges in his Counterclaim that he timely filed a Charge of Discrimination and received a Notice of Right to Sue (Doc. 34 at ¶¶ 11-13).[5] Even accepting this as true (which the Court must at the Motion to Dismiss stage), HFHI attacks the timeliness of the Charge. Morris' separation from HFHI was effective as of August 18, 2017, and his Charge of Discrimination (Doc. 52-1) was filed with the EEOC on or about July 22, 2019, well over 300 days later. However, Morris states that the last discriminatory employment practice from which the 300-day clock begins was the filing of this lawsuit on December 7, 2018, as he was sued because of his protected status.[6] Although that could be the case, the Charge states that Morris was treated different because of his race "during my employment" and that he was "denied advancement because of his race." (Doc. 52-1). These are all allegations that Morris seemingly could have filed with the EEOC within 300 days from his termination. Therefore, any discrimination that allegedly occurred during Morris' employment with HFHI before this lawsuit was filed would appear to be time barred as it is outside the 300-day timeframe. Even so, Morris alleges that HFHI waited to file this lawsuit until Morris' time to file his claim for discrimination ran out, seeking to undue the severance contract and demand that Morris repay certain expenditures.

As a condition precedent, the Supreme Court has noted that the EEOC procedural requirements are "like a statute of limitations, [and thus] subject to waiver,

---

[5] Morris attaches the Charge of Discrimination to his Response in Opposition (Doc. 52) but does not attach the Notice of Right to Sue.

[6] The date on which the earliest discrimination took place was left blank on the Charge and the latest date reads "Dec. 2018" and the "continuing action" box is checked. (Doc. 52-1).

estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). In the Eleventh Circuit a plaintiff's failure to exhaust can be excused in three situations: "situations in which an action was pending before a state court, situations in which the defendant had concealed facts supporting a cause of action under Title VII, and situations in which the plaintiff was misl[e]d by the defendant about the nature of his rights under Title VII." *Manning v. Carlin*, 786 F.2d 1108, 1109 (11th Cir. 1986) (citing *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1302-03 (5th Cir.1979)); *see also Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988) (following *Chappell* and discussing "three possible bases for tolling"). But if none of these situations is involved, the suit may be dismissed for failure to exhaust. *E.g., Manning*, 786 F.2d at 1109. Here, the third situation is potentially implicated, but again the record is not yet developed enough for the Court to make such a determination. In any event, Morris has alleged that he filed a Charge of Discrimination and received a Notice of Right to Sue, and on the record at this time the Court cannot definitively say that the Charge is time barred without more information. Therefore, the Motion to Dismiss for failure to exhaust administrative remedies is denied.

### C. Adequacy of the Pleading

The Court agrees with Plaintiff that all five counts of the Counterclaim are wholly conclusory and devoid of sufficient factual allegations to put Plaintiff on notice as to its alleged conduct for which it must answer. The allegations are bare bones and do not specify the discriminatory actions that HFHI took and when it took them (during the pendency of Morris' employment or after or both). Morris will be allowed to amend.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Dismiss Defendant's Counterclaims With Prejudice (Doc. 44) is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted to the extent that the Counterclaims are dismissed without prejudice for failing to satisfy the pleading requirements of *Twombly/Iqbal*. Defendant may file an Amended Counterclaim by **November 13, 2019**. If no Amended Counterclaim is filed this case will proceed on the Second Amended Complaint only. **The discovery stay is lifted**.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of October, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record