UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HABITAT FOR HUMANITY
INTERNATIONAL, INC.,

        Plaintiff,

v.                              Case No.:  2:19-cv-456-FtM-38MRM

ROBERT DERRICK MORRIS,

        Defendant.

_____/

### OPINION AND ORDER[1]

    Before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaims With Prejudice (Doc. 74) and Defendant's response in opposition (Doc. 75). For the following reasons, the Court grants the Motion in part with leave to amend.

### BACKGROUND

    Habitat for Humanity International, Inc. (HFHI) sues one of its former employees, Robert Derrick Morris, for fraud and unjust enrichment due to Morris' inappropriate use of HFHI resources which was discovered after Morris' separation effective August 18, 2017, pursuant to a severance agreement and release of claims.  A subsequent investigation was conducted into his business expenses, and after HFHI uncovered evidence of wrongdoing, it initiated this lawsuit on November 6, 2018, in Georgia state court.  The case was removed to federal court, and then transferred to this Court from the Northern District of Georgia on July 2, 2019.  (Doc. 10).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Previously, the Court dismissed Morris' counterclaims (Doc. 63) without prejudice for failing to satisfy the pleading requirements of *Twombly*/*Iqbal* but allowed him an opportunity to amend his claims. (Doc. 57). Defendant (a white male over the age of 40) filed a five-count Amended Counterclaim (Doc. 73) for race, color, and gender discrimination under Title VII, race discrimination under 42 U.S.C. § 1981, and age discrimination under the Age Discrimination in Employment Act. Morris alleges that HFHI waited until the statute of limitations had run on his claims to sue him for monies it voluntarily paid to him. And had he known about HFHI's intentions to sue him he would not have agreed to waive his right to sue for discrimination by signing the release. He states that he was forced out of the company after a push by HFHI to change the organization's culture from "old white men" to a younger, "more diverse leadership presence." (Doc. 73 at ¶ 20).

Notably, when he amended his counterclaims, Morris did not make any substantive changes. Indeed, when comparing the counterclaim pleading that the Court dismissed (Doc. 63), with Morris' amended counterclaims (Doc. 73), they are nearly identical. The *only* changes to the counterclaims are at paragraphs 64, 82, 100, and 119, where Morris modified the paragraphs he reincorporates and adopts into each count.

Citing these failures, Plaintiff again moves to dismiss all five counts for sufficiency of the pleadings under Fed. R. Civ. P. 8(a) and failure to state a claim under Fed. R. Civ. P. 12(6)(6). HFHI moves for dismissal with prejudice because Plaintiff was afforded the opportunity to amend but failed to correct the *Twombly*/*Iqbal* deficiencies identified by the Court.

**STANDARD**

A motion to dismiss a counterclaim under Rule 12(b)(6) "is evaluated in the same manner as a motion to dismiss a complaint." *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1210 (M.D. Fla. 2005) (citation omitted).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal when a plaintiff fails "to state a claim upon which relief can be granted." When considering a motion to dismiss under Rule 12(b)(6), the reviewing court must accept all factual allegations in the counterclaim as true and view them in a light most favorable to the plaintiff.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This preferential standard of review, however, does not permit all pleadings adorned with facts to survive the next stage of litigation.  The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct.  *See Iqbal*, 556 U.S. at 678.  Thus, "the-defendant-unlawfully harmed me accusation" is insufficient.  *Id.* at 677.

**DISCUSSION**

In its previous Opinion and Order dismissing Morris' counterclaims, the Court stated the following:

> The Court agrees with Plaintiff that all five counts of the Counterclaim are wholly conclusory and devoid of sufficient factual allegations to put Plaintiff on notice as to its alleged conduct for which it must answer.  The allegations are bare bones and do not specify the discriminatory actions that HFHI took and when it took them (during the pendency of Morris' employment or after or both).  Morris will be allowed to amend.

(Doc. 57 at p. 9).  Although Morris purportedly "amended" his counterclaims, he did not address the Court's concerns that the counterclaims are wholly conclusory and devoid of sufficient factual allegations.  Instead, Morris elected to re-file the counterclaim pleading that the Court dismissed, and Morris offers no explanation why in his Response (Doc. 75).  The only changes Morris made were to the first paragraph of each count, which seems to be an effort to remedy a shotgun problem.  But there were no shotgun issues with the counterclaims.  Instead, nothing in the Amended Counterclaims raises a plausible inference that HFHI discriminated against Morris based on his race and gender.  Even under a liberal construction, Morris' allegations of discrimination are conclusory and insufficient under the *Twombly*/*Iqbal* pleading standard to survive a motion to dismiss. *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003) (explaining, in the employment context, that a plaintiff fails to establish a prima facie discrimination case if he fails to show that he was treated less favorably than a similarly-situated person outside his protected class).  While the counterclaims list incidents he alleges amount to discriminatory conduct, he provides little context for these allegations.  For example, Morris states that "some of the discriminatory conduct took place prior to his severance from the company" (Doc. 73 at ¶ 60) and "some occurred after" (Doc. 73 at ¶ 61), and that he can "prove discrimination by both direct and circumstantial evidence, including but not limited to age, race and gender; statistics relating to Habitat's hiring, firing and severance practices; internal communications about the organization's workplace 'culture' and other materials subject to disclosure during discovery.  (Doc. 73 at ¶ 38). Morris fails to cite specific dates or circumstances in which the allegedly discriminatory acts occurred; instead providing the vague assertion of "some before and some after" his

severance.  *See Moore v. San Carlos Park Fire Protection and Rescue, --- F. App'x ---, 2020 WL 1550914 (M.D. Fla. Apr. 1, 2020).*  Therefore, the Amended Counterclaims are due to be dismissed, but the Court will do so without prejudice to provide Morris with one final opportunity to state a claim.  Failure to do so will result in the counterclaims being dismissed with prejudice.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Dismiss Defendant's Counterclaims With Prejudice (Doc. 74) is **GRANTED IN PART** to the extent that the Amended Counterclaims (Doc. 73) are dismissed without prejudice with leave to amend.  Morris may file amended counterclaims consistent with this Opinion and Order by **April 20, 2020**.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of April, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record